# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AZIZALLAH DELKHAH,

        Plaintiff,

v.                                    Case No.  04-2543-KHV-DJW

PINE TREE CORPORATIVE, INC., et al.,

        Defendants.

## PROTECTIVE ORDER

Pending before the court is the Motion for Protective Order (doc. 26) filed by Defendants Allene Moore and Kansas Housing Resources Corporation f/k/a Kansas Division of Housing Development or KDHD. Upon consideration of the proposed order, and without objection from any other party[1], the Court grants the Motion and hereby enters the following Protective Order:

**1. Confidential Documents and Information.** The following categories of documents and information, if produced or disclosed during the litigation, shall be treated as confidential and used only for purposes of this lawsuit:

    a. Documents and information pertaining to audits of Pine Tree Cooperative, Inc. conducted by the Kansas Housing Resources Corporation.

    b. Documents and information containing personal information regarding tenants of Pine Tree Cooperative, Inc.

---

[1] *See* D.Kan. Rule 7.4 (stating that if any party fails to file a responsive motion within the time allotted by local rule, the motion will be considered and decided by the court as an uncontested motion, and ordinarily will be granted without further notice).

      c.      Other records and information that are reasonably considered to be private or confidential by a party and that are not required to be open under K.S.A. 2004 Supp. 45-221(a) and amendments thereto, or that are protected from disclosure by law.

2.    **Purpose of Order.** The purpose of this Order is to prevent the disclosure of documents and information deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this lawsuit. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment, as well as to prevent the dissemination of records that are protected from disclosure under the Kansas Open Records Act. See K.S.A. 2004 Supp. 45-221(a). Discovery in this case may seek documents and information of a private or confidential nature from both parties and nonparties, including, but not limited to, audits conducted by the Kansas Housing Resources Corporation of Pine Tree Cooperative, Inc., and personal information of tenants of Pine Tree Cooperative, Inc.

3.    **Definitions**.

      a.      **"Document"**  As used in this Order, "document" shall mean any written, recorded, graphic, or other matter, whether produced, reproduced, or stored on paper, cards, tapes, discs, belts, charts, film, computer storage devices, or any other medium, and includes, but is not limited to, agreements, applications, calendars, charts, complaints, correspondence, diagrams, diaries, drafts, drawings, electronic mail, evaluations, files, graphs, interrogatory answers, journals, ledgers, letters, manuals, memoranda, minutes, notes, photographs, plans, proposals, records, reports, responses to requests for admissions, statements, stenographic recordings, studies, tape recordings, transcripts, and video recordings.

    b.    **"Confidential document"**  As used in this Order, "confidential document" means any document designated as confidential in the manner provided by paragraph 4 of this Order.

4.    **Designating Documents as Confidential.** Any party to this action may designate as confidential a document produced after entry of this Order by conspicuously stamping or labeling the document with the word "Confidential." A document consisting of multiple documents or pages, such as a personnel file or report, may be designated as confidential in its entirety by stapling or binding the documents or pages together and stamping or labeling the cover or first document or page with the word "Confidential." Documents produced by either side shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion, except as provided in this Order. The inadvertent failure to designate a document as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the document and the information in it shall be treated as confidential only after being properly designated. Unless otherwise ordered by the Court, only documents relating to the subjects enumerated in paragraph 1 may be designated as confidential. Parties to this action may designate deposition testimony relating to the subjects enumerated in paragraph 1 as confidential by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition that the party believes fall under paragraph 1. Alternatively, any party may, on the record at the deposition, designate deposition testimony as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

5. **Disclosure of Confidential Documents or Information.** Confidential documents and the information contained in those documents are to be treated as such by the party receiving them and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed by the parties or ordered by the Court, the disclosure of such confidential documents and information is limited to:

   a. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

   b. Persons with prior knowledge of the confidential documents or information;

   c. Counsel of record;

   d. Counsel's legal and clerical assistants and staff;

   e. The parties, including officials and managerial employees;

   f. Any independent document reproduction services or document recording and retrieval services;

   g. Any expert witness or outside consultant retained or consulted by any party, but only if such person needs such confidential documents or information;

   h. Any other person of whom testimony is to be taken or is taken, but only in preparation for or during his or her testimony and only to the extent necessary for such preparation or testimony; and

   i. Any mediator agreed to by the parties, but not appointed by the Court.

6. **Duties of Persons Disclosing Confidential Documents or Information.** Prior to disclosing confidential documents or information to any person pursuant to paragraph 5 other than counsel

of record and court personnel, the person making the disclosure shall: (1) apprise the person to whom disclosure is to be made of their confidential nature; (2) apprise that person that the Court, pursuant to this Order, has enjoined the use of such documents or information by such person for any purpose other than the prosecution or defense of this case and has enjoined the disclosure of such documents and information to any person, except as provided in this Order; and (3) show that person a copy of this Order, specifically informing him or her that prior to being given access to confidential documents or information pursuant to paragraph 5 of this Order, he or she must agree to segregate such material, keep it strictly secure, and refrain from disclosing it in any manner, and shall keep such documents and information confidential, except as provided by the express terms of this Order.

7. **Submission of Confidential Documents to the Court.** In the event a separate and distinct motion for leave to file a particular document under seal is granted to any party, the document shall be filed or submitted only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

CONFIDENTIAL

THIS ENVELOPE CONTAINS DOCUMENTS THAT ARE SUBJECT TO A PROTECTIVE ORDER ENTERED BY THE COURT IN THIS ACTION GOVERNING USE OF CONFIDENTIAL MATERIAL.

All such material so filed shall be maintained by the Clerk of the Court separate from the public records in this case and shall be released only upon further Order of the Court.

8. **Disputes Concerning Designation of Confidential Documents**. In the event that any party to this action disagrees at any stage of the proceedings with the designation of documents as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party challenging the confidentiality of the information may apply for appropriate relief from this Court. Unless and until this Court enters such an order changing the confidential designation of the document, such document shall continue to be protected as provided for in this Order.

9. **Use of Confidential documents and Information**. Unless otherwise ordered by the Court, the parties and their counsel have the right to use confidential documents and information in the trial of this case. In the event confidential documents or information are used in any court proceeding in this case, including depositions, such documents or information shall not lose their confidential status, and the parties shall take all steps reasonably required to protect the confidentiality of the documents or information during such use, including the filing of a motion for leave to file under seal.

10. **Right to Object and Privileges Not Waived.** The parties do not waive any right to object at trial to the admissibility of any document that falls under the scope of this Order or the right to file a motion in limine regarding the use of any such document or the information contained in it. Further, the parties do not waive any legal right or privilege to object to the production for any document, including any right or privilege under the work product doctrine or attorney-client privilege.

11. **Binding Effect of This Order.** This Order is binding upon the parties, all counsel for the parties, and all persons to whom disclosure of confidential documents and information are limited pursuant to the terms of this Order.

12. **Return of Confidential Documents.** At the conclusion of this litigation, the parties' respective counsel shall, upon written request of the other party, return all confidential documents, including all copies. The parties, however, retain the right to keep any confidential documents that were admitted as exhibits in this case.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 28th day of July, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel and *pro se* parties