# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AZIZALLAH DELKHAH,

        Plaintiff,

v.                                Case No.  04-2543-KHV-DJW

PINE TREE CORPORATIVE, INC., et al.,

        Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration (doc. 40) of this Court's Order denying Plaintiff's Motion for Leave to Amend Complaint. For the reasons stated below, Plaintiff's Motion for Reconsideration is denied.

### I. Procedural History

Before addressing the substance of the pending motion, the Court finds it helpful to set forth a brief chronology of the procedural history related to Plaintiff's current request.

- 11-01-04    Plaintiff files a Complaint generally alleging violations of various housing laws against the following seven Defendants:

  - Pine Tree Corporative, Inc.,

  - Jeanne Johnson,

  - Linville Management Services,

  - Melva Linville,

  - Allene Moore, and

  - the Kansas Housing Resources Corporation, Inc. [formerly known as the Kansas Division of Housing Development ("KDHD")]

- 07-15-05     Plaintiff delivers to the Clerk's office a 148-page document entitled "Plaintiff's Disclosure and Amended Motion."

- 08-16-05     The Court construes Plaintiff's document as a request from Plaintiff to file an amended Complaint and dockets the document as Plaintiff's Motion to File an Amended Complaint (doc. 34).

- 08-31-05     The Court denies what it has construed as Plaintiff's Motion to Amend on grounds that it appears Plaintiff has made no substantive changes to his original Complaint, but instead has filed the original Complaint with his Rule 26 Initial Disclosures attached.

- 08-31-05     Plaintiff and five named Defendants file a Stipulation of Dismissal (doc. 36) based on settlement of the disputed claims alleged by Plaintiff.

- 09-08-05     Pursuant to the August 31, 2005 Stipulation of Dismissal, the district court judge terminates the following five Defendants as parties:

    - Linville Management Services,

    - Pine Tree Corporative, Inc.,

    - Jeanne Johnson and

    - Melva Linville.

- 09-08-05     As of this date, only the following two Defendants remain as parties to the case:

    - Allene Moore, and

    - the Kansas Housing Resources Corporation, Inc. [KDHD].

- 09-09-05:     Plaintiff files a Motion for Reconsideration of the Court's ruling denying his Motion to Amend, alleging that contrary to the Court's finding, he made several substantive additions and changes in the proposed Amended Complaint and the proposed pleading was not merely his original Complaint with his Rule 26 disclosures attached.

## II.  Standard for Ruling on a Motion for Reconsideration

Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1]   The decision whether to grant a motion to reconsider is committed to the court's sound discretion.[2]

It is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[3]  Nor is a motion to reconsider to be used as "a second chance when a party has failed to present it strongest case in the first instance."[4]  Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[5]

## III.  Discussion

The Court denied what it construed to be a Motion to Amend Complaint filed by Plaintiff on grounds that it appeared Plaintiff had made no substantive changes to his original Complaint, but

---

[1]The Tenth Circuit has adopted the same standard.  *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 944 (10th Cir. 1995).

[2]*Brumark,* 57 F.3d at 944; *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988).

[3]*Servants*, 204 F.3d at 1012; *Sonnino v. Univ. of Kan. Hosp. Authority*, 221 F.R.D. 661, 664 (D. Kan. 2004).

[4]*Sonnino,* 221 F.R.D. at 664  (citing *Steinert v. Winn Group, Inc.*, No. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003 (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[5]*Servants,* 204 F.3d at 1012; *Sonnino*, 221 F.R.D. at 664,

instead had filed the original Complaint with his Rule 26 Initial Disclosures attached (see doc. 38). In his motion to reconsider, Plaintiff asserts that, contrary to the Court's finding, there are several substantive additions and changes in the proposed Amended Complaint.

When, as here, a plaintiff is proceeding *pro se*, the Court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers.[6] Applying this standard to the circumstances presented, the Court may reconsider its prior ruling on grounds that the Court misapprehended the facts and/or Plaintiff's position.[7] With that said, however, the Court cannot permit Plaintiff to file the proposed Amended Complaint filed in conjunction with his request because such Complaint still includes as defendants the five individuals and entities dismissed from this case on September 8, 2005.

Accordingly, it is ordered that Plaintiff's Motion for Reconsideration (doc. 40) is **denied**.

It is further ordered that Plaintiff shall be permitted, if he so chooses, to file a renewed Motion to Amend Complaint, as long as Plaintiff files such a motion by **Friday, October 7, 2005** and attaches to this pleading a proposed Amended Complaint that succintly

- limits the claims alleged to only those claims that remain unsettled; and

- limits the claims alleged to Allene Moore and the Kansas Housing Resources Corporation, Inc. [KDHD], the only two Defendants that remain in this lawsuit.

If Plaintiff files such a motion, the remaining Defendants shall be provided an opportunity to respond and after the pleading is fully briefed, the Court will rule accordingly.

---

[6]*McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir.2001); *accord Shaffer v. Saffle*, 148 F.3d 1180, 1181 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)).

[7]*Servants*, 204 F.3d at 1012; *Sonnino*, 221 F.R.D. at 664,

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 22nd day of September, 2005.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties