IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AZIZALLAH DELKHAH, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 04-2543-KHV |
| ALLEEN MOORE and KDHD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER**

This matter is before the Court on the Motion To Dismiss Of Defendants Moore And Kansas Housing Resources Corporation [formerly known as KDHD] (Doc. #14) filed May 9, 2005. For substantially the reasons stated in the Memorandum Of Law In Support Of Answering Defendants Moore And Kansas Housing Resources Corporation's Motion To Dismiss (Doc. #15), the Court finds that except for plaintiff's claims under 42 U.S.C. §§ 1983, 3604(b) and 3617, plaintiff's complaint fails to state a claim on which relief may be granted.

The Court rejects defendants' argument that plaintiff has failed to state a claim under 42 U.S.C. §§ 3604(b) and 3617. Defendants maintain that Section 3604(b) applies only to discriminatory conduct that directly impacts the right to acquire housing and that it does not apply to individuals who currently rent Section 8 housing. Section 3604(b) provides that it is unlawful to discriminate against any person because of national origin in the terms, conditions or privileges of the rental of a dwelling or in the provision of services or facilities in connection therewith. Plaintiff's allegations of increased rent seem to fall squarely within the terms of this section. Because plaintiff's complaint states a claim under Section 3604, plaintiff also can assert a claim under Section 3617, which prohibits retaliation because an individual has exercised

his rights under Section 3603, 3604, 3605 or 3606.

Liberally construed, plaintiff's complaint also states a claim against Alleen Moore in her individual capacity under 42 U.S.C. § 1983 for (1) violation of plaintiff's right to equal protection under the Fourteenth Amendment and (2) retaliation for the exercise of plaintiff's First Amendment rights.[1]  To the extent plaintiff seeks prospective injunctive relief, plaintiff has also stated a claim against Moore in her official capacity.  See Seminole Tribe, 517 U.S. at 73; Ex Parte Young, 209 U.S. 123 (1908); Meiners v. Univ. of Kan., 359 F.3d 1222, 1232-33 (10th Cir. 2004).

**IT IS THEREFORE ORDERED** that the Motion To Dismiss Of Defendants Moore And Kansas Housing Resources Corporation (Doc. #14) filed May 9, 2005 be and hereby is **SUSTAINED in part**.

Dated this 14th day of November, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[1] The Court does not construe plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 against KHRC.  The Eleventh Amendment confirms the sovereignty of the States by providing a shield from suits by individuals absent their consent.  Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); see Ambus v. Granite Bd. of Educ., 995 F.2d 992, 994 (10th Cir. 1993) (Eleventh Amendment immunity extends to agencies that act as arms of State).  Because official capacity suits are treated as if against the State itself, the Eleventh Amendment also precludes a claim for damages against Moore in her official capacity.  See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985).