## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AZIZALLAH DELKHAH,

                Plaintiff,

v.                                    Case No.  04-2543-KHV

ALLENE MOORE, et al.,

                Defendants.

## **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion to Compel (doc. 62) directed at Defendant Allene Moore and Plaintiff's Motion to Compel (doc. 63) directed at Defendant Kansas Housing Resources Corporation, Inc. ("KHRC"), formerly known as the Kansas Division of Housing Development ("KDHD").

Defendants maintain the Motions should be procedurally denied based on Plaintiff's failure to meet and confer regarding the dispute as required by local rule.  If they are not denied on procedural grounds, Defendants states they stand by their objections to answering the interrogatories  on grounds that (1) the requests are neither relevant nor likely to lead to the discovery of relevant evidence in this lawsuit; (2) the requested information is protected from disclosure by the attorney-client privilege; or (3) the requests were answered to the best of Defendants' ability.  For the reasons set forth below, Plaintiff's Motions will be denied.

**Relevant Background Information**

**A.      The Parties**

During the relevant time period, Plaintiff was a tenant of Pine Tree Cooperative, Inc. As a tenant, Plaintiff asserts he qualified for full Section 8 subsidy and a utility allowance through the United States Department of Housing and Urban Development ("HUD").  Plaintiff is a native of Iran.

Defendants state[1] the KHRC is a statutory subsidiary of the Kansas Development Finance Authority and functions as the contract administrator for HUD Section 8 properties.  Defendants further state KHRC conducts audits of the properties for compliance with HUD regulations.  Defendants assert that prior to July 2003, KHRC's predecessor-in-interest – the Kansas Division of Housing Development ("KDHD") – performed the described audit functions.

Defendants further state that Allene Moore was and is an employee of KDHD (now KHRC) with the job title of Compliance Manager. According to Defendants, Moore travels to project based Section 8 properties in thirteen Northeast Kansas counties to conduct inspections of the physical plant and HUD-required paperwork, including tenant files. During the inspections, Moore rates the properties' compliance and details her findings in a report sent to the property owners and/or managers and HUD. Defendants assert properties found to be non-compliant are given a specified amount of time to achieve compliance; failing that, the HUD subsidy for that property is suspended.

---

[1]January 20, 2006 Pretrial Order (doc. 67), Defendants' Contentions, ¶5(b).

2

**B.**     **The Allegations in Plaintiff's Complaint**

This is a case against KDHD and Allene Moore alleging discrimination and retaliation in public housing based upon national origin.[2]   More specifically, Plaintiff alleges Moore and KDHD directly or indirectly persuaded, advised, and helped Pine Tree to retaliate, harass and emotionally abuse Plaintiff in the form of the following wrongful acts from October 2002 to August 2004:[3]

1.     his "income" for HUD purposes was overstated;

2.     his rent was improperly increased;

3.     he was improperly required to submit birth certificate and citizenship papers at the same time;

4.     he was asked repeatedly to provide information regarding his household's Section 8 eligibility;

5.     he was denied interim recertifications;

6.     he was denied retroactive application of the proper rent amount; and

7.     he spoke out about his civil rights and the failure to follow HUD regulations.

## Analysis

**A.**     **Duty to Confer**

As a preliminary matter, Defendants assert Plaintiff did not make a good faith effort to resolve the controversy as required by D. Kan. Rule 37.2.  This rule requires counsel for the party moving to resolve a discovery dispute to confer or make a reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.

---

[2]January 20, 2006 Pretrial Order (doc. 67), Paragraph 2 – Nature of the Case.

[3]January 20, 2006 Pretrial Order (doc. 67), Paragraph 4 – Joint Stipulations, at section 6.

Plaintiff has failed to respond to Defendants' allegation of non-compliance with local rule. Moreover, there have been no facts presented from which the Court can conclude that Plaintiff satisfied his duty to confer.  Although the Court could deny Plaintiff's Motions on procedural grounds for failure to comply with the local requirement to confer, the Court will go on to examine the merits of Plaintiff's Motions.

**B.      The Applicable Law**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .   Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.  A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.  Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.

4

**C.      The Interrogatories at Issue**

**1.      Plaintiff's Interrogatories directed at Defendant Allene Moore**

**a.      Interrogatories 1(b), 1(c), 1(d), 1(e) and 2**

These interrogatories seek Defendant Moore's social security number, date of birth, place of birth, and address history in Kansas.  Defendant objects to answering these inquiries into her personal life on grounds that the requests are neither relevant nor likely to lead to the discovery of relevant evidence in this lawsuit.

The Court agrees.  On their face, these requests do not appear to seek relevant information and do not appear reasonably calculated to lead to the discovery of admissible evidence.  Although the burden of proof as to relevancy shifts to Plaintiff when relevancy is not apparent on the face of the requests, Plaintiff has failed to provide any information or argument to establish how the information sought is relevant or reasonably calculated to lead to the discovery of admissible evidence.  Thus, Defendant's objection to answering these interrogatories will be sustained.

**b.      Interrogatory 10**

Interrogatory 10 requests detailed information about Defendant Moore's personal assets, including real property and other investments in which she has any personal ownership interest, date of purchase, price at purchase, present price and identification of any co-owners.  Defendant objects to answering these inquiries into her personal life on grounds that the requests are neither relevant nor likely to lead to the discovery of relevant evidence in this lawsuit.

Again, the Court must agree.  This request does not, on its face, appear to seek relevant information or appear reasonably calculated to lead to the discovery of admissible evidence.  And again,

although the burden of proof as to relevancy shifts to Plaintiff when relevancy is not apparent on the face of the requests, Plaintiff has failed to provide any information or argument to establish how the information sought is relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant's objection to answering this interrogatory also will be sustained.

            **c.**      **Interrogatory 17**

Interrogatory 17 asks Defendant Moore whether she was the one who ordered the increase in his rent and, if she was not the decision-maker, Plaintiff asks Moore to identify the person who did make that decision.  Defendant's response to this inquiry is as follows:

> Unknown.  No one at KHRC determined that Delkhah's rent should be increased.  The amount of subsidy awarded and/or rent paid by the tenant is determined by a formula contained in the HUD regulations and approved by HUD prior to implementation.

Although Plaintiff asserts in his Motion to Compel that Defendant's answer to Interrogatory 17 is "deficient," Plaintiff fails to explain or identify the deficiency.  In light of these circumstances, and upon review of the request and the answer provided, the Court finds the response sufficient and will overrule Plaintiff's Motion to Compel with regard to this Interrogatory.

       **2.**      **Plaintiff's Interrogatories directed at Defendant KDHD**

           **a.**      **Interrogatories 2(c), 2(d), 2(e), 2(f) and 2(g)**

These interrogatories seek the social security number, date of birth, place of birth, and address history in Kansas for the KDHD agent and/or officer answering the interrogatories.  Defendant objects to answering these personal inquiries on grounds that the requests are neither relevant nor likely to lead to the discovery of relevant evidence in this lawsuit.

6

The Court agrees.  On their face, these requests do not appear to seek relevant information or information that appears reasonably calculated to lead to the discovery of admissible evidence.  Although the burden of proof as to relevancy shifts to Plaintiff when relevancy is not apparent on the face of the requests, Plaintiff has failed to provide any information or argument to establish how the information sought is relevant or reasonably calculated to lead to the discovery of admissible evidence.  Thus, Defendant's objection to answering these interrogatories will be sustained.

### b.        Interrogatory 9

In this interrogatory, Plaintiff requests Defendant identify and describe all conversations or other communications regarding the incidents alleged in Plaintiff's Complaint that occurred from October 1, 2002 to present between counsel for Defendant on the one hand and Defendant's employees, representatives or agents on the other.  Defendant objects to this interrogatory on grounds that the information requested is protected from disclosure by the attorney-client privilege.

Because this action arises under a federal statutory scheme, federal law provides the rule of decision as to application of the attorney-client privilege.[4]  Under federal common law, the essential elements of the attorney-client privilege are: (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made

---

[4]*See Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1368-69 (10th Cir. 1997) (federal privilege law applies to federal claims). The Court notes no real conflict between federal and Kansas law regarding the attorney-client privilege exists. *See Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D.Kan. 1998).

in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself

or by the legal advisor, (8) except the protection be waived.[5]

Upon review of the interrogatory in question, the Court finds that on its face, the request improperly

invades the sanctity of attorney-client protected communications.  Plaintiff provides no legal argument,

information or facts in his pleadings to refute this finding.  Accordingly, the privilege objection lodged by

Defendant to Interrogatory 9 will be sustained.

### c.       Interrogatory 15

Interrogatory 15 states as follows:

> Except for this lawsuit, identify any other lawsuits to which the Defendant
> or a Defendant's officer/employee has ever been a party of arising out of
> any incident (event) which has occurred on Defendant's job and duty; with
> respect to each such law suit, identify:
>
> •       all parties to the lawsuit
> •       the case number and the court in which the suit was filed
> •       the disposition of the suit.

Defendant objects to this interrogatory on grounds that the request is not reasonably calculated to

lead to the discovery of admissible evidence.  Without waiving these objections, Defendant further states

that KHRC holds mortgages on properties throughout the state and, as a result, the corporation is routinely

named in a whole host of garden-variety civil litigation (i.e., foreclosures, bankruptcies, etc.), none of which

is relevant to the matter at hand.

---

[5]*Marten v. Yellow Freight Sys., Inc.*, No. 96-2013-GTV, 1998 WL 13244, at *5 (D. Kan. Jan. 6, 1998) (quoting *Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau*, 150 F.R.D. 193, 196 n. 4 (D. Kan.1993)).

The Court find this interrogatory is overly broad on its face in that it seeks information regarding "any other lawsuits" arising out of "any incident."   When an interrogatory is overly broad on its face, the party seeking the discovery has the burden to show the relevancy of the request.   Here, Plaintiff has failed to provide any information or argument to establish how the broad range of information sought is relevant or reasonably calculated to lead to the discovery of admissible evidence.   Accordingly, Defendant's objection to answering these this interrogatory will be sustained.

### d.      Interrogatory 18

Interrogatory 18 seeks to determine whether Defendant has ever asked any foreign-born American citizen, besides Yana Delkhah (Plaintiff's daughter), for copies of his or her birth certificate and citizenship certificate at the same time.   Defendant denied it ever asked Plaintiff's daughter for her birth certificate and further responds to this interrogatory by stating

> Objection to the extent that Interrogatory 17 states and assumes that Defendant KHRC required the production of Yana Delkhah's birth certificate.   Without waiving said objection, KHRC is the contract administrator for HUD project-based Section 8 properties identified in said contract and located in the State of Kansas.   It conducts audits of said Section 8 properties such as Pine Tree for compliance with HUD project-based Section 8 regulations. KHRC has no responsibility for determining participant eligibility.

Although Plaintiff asserts in his Motion to Compel that Defendant's answer to Interrogatory 18 is "deficient," Plaintiff fails to explain or identify the deficiency.   In light of these circumstances, and upon review of the request and the answer provided, the Court finds the response sufficient and will overrule Plaintiff's Motion to Compel with regard to this Interrogatory.

### e.      Interrogatory 20

Interrogatory 20 asks Defendant KDHD to identify the person who made the decision to increase his rent. Defendant's response to this inquiry is as follows:

> Unknown.  No one at KHRC determined that Delkhah's rent should be increased.  The amount of subsidy awarded and/or rent paid by the tenant is determined by a formula contained in the HUD regulations and approved by HUD prior to implementation.

Again, although Plaintiff asserts in his Motion to Compel that Defendant's answer here is "deficient," Plaintiff fails to explain or identify the deficiency.  In light of these circumstances, and upon review of the request and the answer provided, the Court finds the response sufficient and will overrule Plaintiff's Motion to Compel with regard to this Interrogatory.

Based on the discussion above, Plaintiff's Motion to Compel (doc. 62) directed at Defendant Allene Moore and Plaintiff's Motion to Compel (doc. 63) directed at Defendant KHRC (f/k/a KDHD) are both denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 14th day of March, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties

10